STATE OF MAINE

CUMBERLAND, ss.

HLC FINANCIAL INCORPORATED,

Plaintiff

v.

DAVE GOULD FORD LINCOLN
MERCURY, INC.,

Defendant

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV 03-334

ORDER

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT
SEP 24 2003
RECEIVED

The matters before this court are the Defendant's motions to modify the caption of the case, transfer venue, and vacate and stay the judgment, pursuant to M. R. Civ. P. 60(b).

## FACTS

On April 27, 2001, the Superior Court of Los Angeles County, California entered a default judgment in the amount of $59,288.50 against the Defendant, Dave Gould Ford Lincoln Mercury, Inc. This judgment was a result of Defendant's failure to attend the California hearing and its nonpayment of a lease agreement. The Defendant became bound by the lease agreement pursuant to an assignment dated March 20, 2000, from Pullen Ford, Inc., the original lessee. Both the Plaintiff and the Defendant signed this assignment agreement, which contained a forum selection clause indicating that any action relating to the lease or assignment must be brought in Los Angeles County, California.

On June 23, 2003, the Plaintiff filed the judgment with this court pursuant to the Uniform Enforcement of Foreign Judgments Act (UEFJA). In response, the Defendant filed a motion to vacate the judgment on the grounds that the Los Angeles County Superior Court lacked personal jurisdiction, the judgment was stale and improperly

registered. In addition, the Defendant filed motions to modify the caption of the case, stay the execution of the judgment, and transfer venue.

## DISCUSSION

### I. Plaintiff's Motion to Modify

Plaintiff requested that this court modify the caption of the case. The defendant has not replied to or contested this motion. Pursuant to M. R. Civ. P. 7(c), failure to timely reply to a motion will be considered a waiver of all objections to the motion. Therefore, this court grants Plaintiff's request to modify the caption of the case so as to read "HLC FINANCIAL INCORPORATED, Plaintiff v. DAVE GOULD CERTIFIED f/k/a DAVE GOULD FORD LINCOLN MERCURY, INC., Defendant."

### II. Defendant's Motion to Vacate

Defendant first contends that judgment is void and should be vacated because the Los Angeles County Superior Court lacked personal jurisdiction. "Forum selection clauses 'are prima facie valid,' *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 32 L. Ed 2d 513 92 S. Ct. 1907 (1972), and should be enforced unless they are the product of fraud or overreaching or unless enforcement would be unreasonable or unfair or would contravene a strong public policy of the forum." Nelson v. CGU Insurance Company of Canada, No. 02-193-B-S, 2003 U.S. Dist. LEXIS 5924, at *5-*6 (Me. Apr. 10, 2003). A party attempting to prove that a forum selection clause is unreasonable, unjust, or unfair must establish " . . . that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. Absent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain." Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 18 32 L. Ed 2d 513, 525 92 S. Ct. 1907, 1918 (1972).

2

In this case, the Plaintiff and the Defendant signed an assignment agreement in which the forum selection clause unequivocally stated that the Defendant consented to the jurisdiction and venue of any court located in Los Angeles County, California.[1] This forum selection clause was the result of a freely negotiated commercial transaction between two experienced companies. Any inconvenience the Defendant might have suffered by being forced to litigate in California was foreseeable at the time of contracting. Moreover, it was not unfair or unreasonable to have the forum be in California, because one of the Plaintiff's places of business is located in California. Hence, this court finds that the Los Angeles County Superior Court had personal jurisdiction over the Defendant.

Next, the Defendant argues that the judgment should be vacated because it is stale. The Defendant contends that, pursuant to 14 M.R.S.A. § 8003, a filed foreign judgment shall be treated in the same manner as a Maine judgment. Consequently, the Defendant concludes that because the foreign judgment was not executed within one year of becoming final, it is void. *See* 14 M.R.S.A. § 4652 (2003). Although not binding on this court, this court finds the decisions of sister states on this issue to be instructive and, in this case, persuasive. A foreign judgment "which is enforceable at the time the judgment creditor registers the foreign judgment in Oklahoma will be considered, for the purpose of enforcement, as a new judgment of this state to which Oklahoma's five year dormancy statute will apply." Drilevich Construction, Inc. v. Stock, 1998 OK 39

---

[1] In order to induce Lessor to enter into and accept this Assignment, Assignor, Assignee and guarantors under either the Equipment Lease or this Assignment each hereby irrevocably consent to the jurisdiction and venue of any court located in Los Angeles Count, California and further agree that, at Lessor's election, any action relating to the Equipment Lease, this Assignment or any guarantees shall be commenced only in courts having their situs in Los Angeles County, California.

Assignment of Rental Agreement at p. 2.

*20, 958 P.2d 1277 (1998). *See also* <u>Stanford v. Utley</u>, 341 F.2d 265, 268 (8th Cir. 1965) (the Eighth Circuit reasoned that § 1963 registration, [which is comparable to registration under the UEFJA], is the equivalent of a new judgment). Consequently, upon registration, the Los Angeles County Superior Court judgment will constitute a new Maine judgment, and 14 M.R.S.A. § 4652, will apply from that date. Hence, this court finds that the California judgment is not stale.

Finally, the Defendant argues that Attorney Kull, Plaintiff's attorney, failed to indicate his attorney-client relationship on his affidavit in violation of 14 M.R.S.A. § 8004(1). Attorney Kull, however, has remedied the situation and filed a proper affidavit indicating the correct information. Hence, this court finds that Attorney Kull has adequately complied with 14 M.R.S.A. § 8004(1).

## III. Defendant's Motions to Transfer Venue and Stay the Execution of the Judgment

The Defendant also requests that this court transfer venue and stay the execution of the judgment until its motions have been resolved. This court has resolved the Defendant's motions. Hence, this court finds that it is unnecessary to stay the execution of the judgment or transfer venue.

WHEREFORE this court shall **GRANT** Plaintiff's motion to modify the caption of the case and **DENY** Defendant's motions to stay, transfer venue and vacate the judgment, pursuant to M. R. Civ. P. 60(b).

Dated: September 24, 2003

Roland A. Cole
Justice, Superior Court

4

land County
Box 287
aine 04112-0287

ANDREW KULL ESQ
PO BOX 1398
PORTLAND ME 04104

Box 287
aine 04112-0287

WARREN SILVER ESQ
PO BOX 844
BANGOR ME 04402